UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZAMIRA BELLOZO,<br><br>            Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>            Respondent. | Case No.:  3:17-CR-02928-JAH-1<br><br>**AMENDED ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**<br>**[Doc. No. 33]** |

## INTRODUCTION

Pending before the Court is Petitioner Zamira Bellozo's ("Defendant") motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255 ("motion"). (Doc. No. 33). Respondent United States of America ("the Government") filed a response opposing Petitioner's motion. (Doc. No. 39). Having carefully considered the pleadings in this action and for the reasons set forth below, the Court hereby **DENIES** Defendant's motion.

## BACKGROUND

On August 25, 2017, Defendant was charged with one count of importation of methamphetamine under 28 U.S.C. §§ 952 and 960. On October 31, 2017, Defendant pleaded guilty to the charge. On February 7, 2018, the Court entered judgement and

sentenced Defendant to an 87-month term of imprisonment followed by three years of supervised release. On October 23, 2018, Defendant filed her motion. On May 29, 2019, the Government filed a response opposing the motion.

## LEGAL STANDARD

Under 28 U.S.C. § 2255, a federal prisoner may move the court to vacate, set aside, or correct their sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a); *United States v. Speelman*, 431 F.3d 1226, 1230 n.2 (9th Cir. 2005). However, a general "error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Defendant has the burden of establishing that she is entitled to post-conviction relief pursuant to 28 U.S.C. § 2255. *See United States v. Frady*, 456 U.S. 152, 170 (1982).

## DISCUSSION

Defendant's motion seeks collateral relief and requests that the Court reduce her term of imprisonment to "47 to 60 months" based on four grounds: (1) ineffective assistance of counsel; (2) first time federal offender; (3) harsh sentencing for a person considered a first-time offender; and (4) mental depression. As a condition of her plea agreement and sentence, Defendant knowingly and voluntarily waived her right to collateral relief, except on the basis that she received ineffective assistance of counsel. Therefore, the Court addresses only Defendant's claim for ineffective assistance of counsel.

Generally, a defendant who does not bring a claim on direct appeal cannot raise the claim on collateral review. *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 350-51 (2006). However, if a defendant does not bring an ineffective assistance of counsel claim on direct appeal, they may still bring that claim later under 28 U.S.C. § 2255. *Massaro v. United*

*States*, 538 U.S. 500, 509 (2003). Although Defendant did not make a direct appeal in this case, she is making an ineffective assistance of counsel claim now under 28 U.S.C. § 2255. Therefore, the Court deems the motion appropriate for consideration.

Under the Sixth Amendment, criminal defendants are entitled to "effective assistance of counsel," in which representation is objectively reasonable in light of "prevailing professional norms." *Strickland v. Washington*, 466 U.S. 668, 686-88 (1984). To sustain a claim for ineffective assistance, Defendant has the burden of satisfying *Strickland*'s two-prong standard. *Id*. First, Defendant must show that her attorney's performance was deficient. *Id*. at 687. This requires a showing that her attorney made errors so serious that they were not functioning as the "counsel" guaranteed to Defendant by the Sixth Amendment. *Id*. Accordingly, Defendant must identify the acts or omissions of her attorney that were the result of unreasonable professional judgment or were otherwise outside the range of professional competent assistance. *Id*. at 690. Second, Defendant must show that her attorney's deficient performance prejudiced the defense. *Id*. at 687. This requires showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

Here, Defendant's claim is based on four allegations. First, Defendant alleges she received ineffective assistance because her attorney, Michael Berg, "stated that he did not have much experience in cases like mine." Mr. Berg was a California certified specialist in criminal law and had practiced federal criminal law in San Diego for nearly 35 years when representing Defendant. As the Government points out, Mr. Berg was widely believed to be one of the best and most experienced criminal defense attorneys in this district. Even if it were true that Mr. Berg "did not have *much* experience in cases like" Defendant's, this assertion implies that Mr. Berg still had *some* experience. Despite the level of Mr. Berg's experience in cases such as Defendants at the time he represented her, Defendant's fact-deficient allegation still falls short of *Strickland*'s two-prong standard, because it fails to show that her attorney's conduct was deficient or that his conduct prejudiced the outcome

of her case.

Second, Defendant alleges her attorney "never took time to talk to me, never wanted to hear what I had to say." This allegation is patently false because the record demonstrates communications between Defendant and her attorney. For one, as the Government points out, Defendant swore under oath at her plea hearing that she thoroughly went over her plea agreement with Mr. Berg (i.e., took time to talk to and hear Defendant). Further, Defendant's allegation belies Mr. Berg's description of Defendant's intimate life details during her sentencing hearing. There, Mr. Berg introduced the Court to Defendant's fiancé, mother, and brother who all sat in the courtroom. Then, Mr. Berg went into extensive detail about Defendant's upbringing, background, and children. Together, the plea and sentencing hearing transcripts show that Mr. Berg indeed took time to talk to Defendant and hear what she had to say. Nevertheless, this allegation alone, without more, also falls short of *Strickland*'s two-prong standard.

Third, Defendant alleges her attorney "did not tell me about my criminal history score or category. My Criminal History should be a I, documents state Category III. Attorney specifically always told me I would sentenced under the guidelines of a Category ! [sic], I was sentenced under a Category III." At Defendant's plea hearing, the Court explained, "I'm sure your lawyers have gone over what's called the sentencing guidelines. It's a chart I have here that is a point system, tries to give you an idea what kind of sentence you might be looking at. Those guidelines are advisory, which means the District Judge has the authority to sentence you to a different sentence, even up to the maximum sentence authorized by law." Following this explanation, the Court asked Defendant if she understood, and Defendant replied, "Yes, Your Honor." Then, at Defendant's sentencing hearing, this Court explicitly told Defendant, "Your criminal history score is zero. Your criminal history category is I. And under the guidelines, your sentence should range between 168 to 210 months in custody. The parties have agreed, however, to a minus-four downward departure for fast track, resulting in an offense level of 31 and guideline range of 108 to 135 months in custody." Under these facts, Mr. Berg's alleged promise was true,

therefore Defendant's representation on this issue was not deficient and cannot support a claim for ineffective assistance of counsel. *Strickland*, 466 U.S. at 686-88.

Lastly, Defendant alleges her attorney "told me they did not take into account my Mexican Treaty Transfer, and then upon sentencing prosecutor did take this into his findings." Upon Defendant's request, the Court granted a minus-two departure for a combination of circumstances, resulting in an offense level of 29 with a sentencing guideline range of 87 to 108 months. The prosecutor mentioned the treaty transfer for the purpose of having the Court consider Defendant's underlying offense when determining whether to vary below the prosecutor's 108-month recommended sentence. That is, the prosecutor brought up the transfer's underlying offense to persuade the Court to not sentence Defendant below 108 months. Despite the Government's recommendation for a 108-month term of imprisonment, this Court sentenced Defendant to a low-end sentence of 87-months of imprisonment, no fine, with a three-year supervised release—well below the prosecutor's recommendation. Therefore, the transfer did not adversely affect the Court's sentencing or otherwise prejudice the Defendant because it was not considered by the Court for sentencing and the Court declined the prosecutor's sentencing recommendation.

In sum, Defendant has not shown that her sentence was imposed in violation of the law or that the court lacked jurisdiction to impose the sentence. Nor has Defendant provided sufficient facts to indicate Mr. Berg's conduct was deficient or otherwise prejudiced her case. As a result, Defendant is unable to satisfy the Supreme Court's standard in *Strickland* for ineffective assistance of counsel.

## **CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11 of the Rules Governing § 2254 Cases, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in § 2255 cases such as this. 28 U.S.C. § 2254, Rule 11(a). A habeas petitioner may not appeal the denial of a § 2255 habeas petition unless he obtains a certificate of appealability from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(B); see also *United*

*States v. Asrar*, 116 F.3d 1268, 1269-70 (9th Cir. 1997) (holding that district courts retain authority to issue certificates of appealability under AEDPA). A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this threshold showing, a petitioner must show that: (1) the issues are debatable among jurists of reason, (2) that a court could resolve the issues in a different manner, or (3) that the questions are adequate to deserve encouragement to proceed further. *Lambright v. Stewart*, 220 F.3d 1022, 1025-26 (9th Cir. 2000) (citing *Slack v. McDaniel*, 529 U.S. 473 (2000); *Barefoot v. Estelle*, 463 U.S. 880 (1983)).

Based on this Court's review of the record, the issues presented are not debatable among jurists of reason and no issues could be resolved in a different manner. This Court further finds that no questions are adequate for further proceedings. Therefore, Petitioner is not entitled to a certificate of appealability.

## CONCLUSION

For all the reasons discussed above, IT IS HEREBY ORDERED that Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

**IT IS SO ORDERED.**

DATED:

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE